
Thomas Edward Smith, Jr., )
)
    Plaintiff, )
)
v. )
) 14-697
United States of America, )
)
    Defendant. )

MEMORANDUM OPINION

This matter is before the Court on plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant plaintiff's *in forma pauperis* application and will dismiss the case for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring dismissal "at any time" jurisdiction is found wanting).

Plaintiff is a prisoner at the United States Penitentiary in Coleman, Florida, who claims to be a District of Columbia resident. In this action against the United States, plaintiff seeks "the recovery of taxes . . . erroneously assessed and collected" by the Internal Revenue Service. Compl. ¶ 3. Plaintiff alleges that in August 2011, he filed a tax return for calendar year 2010 "showing overpayment in the amount of [$25 million]." He "received an Assessment from the Defendant dated February 6, 2012," which "alleged that Plaintiff had a prior tax liability of [$25 million]. So the [Department of Treasury] performed an administrative set-off to resolve the alleged matter." *Id.* ¶¶ 5-7 & Ex. A. Plaintiff posits that since he "promptly disputed such claim, owing any prior amount," the "entire amount [of $25 million] should be returned as it was illegally or erroneously assessed and collected as a tax." *Id.* ¶ 8.

1



The United States is immune from suit absent a waiver by Congress, and such immunity is jurisdictional. *United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."). The IRS is subject to suit under the Taxpayer's Bill of Rights, 26 U.S.C. § 7433, "only for claims related to the collection of income taxes and not for claims related to the investigation or assessment of taxes." *Gust v. U.S.*, 789 F. Supp. 2d 58, 62 (D.D.C. 2011) (citing cases); *see Spahr v. U.S.*, 501 F. Supp. 2d 92, 96 (D.D.C. 2007) ("Section 7433 does not give the Court jurisdiction over '[c]laims that the IRS has incorrectly determined the amount of taxes owed' or any other claims that do not directly arise from the IRS's collection activities.") (quoting *Buaiz v. United States*, 471 F. Supp. 2d 129, 136 (D.D.C. 2007)). "[C]ourts have defined an assessment as a mere determination of tax liability which must precede any collection action by the IRS," whereas a "claim for improper collection practices alleges that the IRS did not follow prescribed methods of acquiring assets." *Gust*, 789 F. Supp. 2d at 62, n.1 (citations and internal quotation marks omitted).

The dubious allegations notwithstanding, this action arises out of an alleged erroneous tax assessment. It therefore will be dismissed for want of jurisdiction. A separate Order accompanies this Memorandum Opinion.

/s/ Rosemary M. Collyer
United States District Judge

DATE: April 4, 2014